**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | | |
|---|---|---|---|
| IN RE: | ) | CHAPTER | 13 |
| | ) | | |
| | ) | CASE NO. | 17-51282 (JAM) |
| GINA MISENTI, | ) | | |
| | ) | | |
| DEBTOR. | ) | | |
| | ) | | |
| | ) | | |
| | ) | RE: ECF No. | 33 |

**MEMORANDUM OF DECISION GRANTING**
**MOTION FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY**

On October 20, 2017, Gina Misenti (the "Debtor"), filed a petition under Chapter 13 of the Bankruptcy Code. The Debtor's case was dismissed on November 9, 2017 for failure to cure deficiencies.

On November 17, 2017, Barbara D. Vitale (the "Movant"), moved to vacate the dismissal for the purpose of filing a motion for *in rem* relief from the automatic stay. On April 20, 2018, the Court entered an Order Granting the Motion to Vacate Order Dismissing Case (ECF No. 28). On April 24, 2018, the Movant filed a Motion for Relief from Stay, *In Rem* Order and Related Equitable Relief (the "Motion for *In Rem* Relief," ECF No. 33). The Contested Matter Procedure deadline passed on May 10, 2018, and the Motion for *In Rem* Relief was taken under review by the Court. On May 16, 2018, the Debtor filed an untimely Objection to the Motion for *In Rem* Relief. On June 12, 2018, a hearing was held on the Motion for *In Rem* Relief and both parties appeared at the hearing through their respective counsel.

Case 17-51282    Doc 49    Filed 06/14/18    Entered 06/14/18 16:39:07    Desc Main
                        Document      Page 2 of 5

**I.     Background**

    *A.  The Promissory Note and Mortgage*

On June 16, 2014, the Debtor executed and delivered a promissory note to Robert M. Vitale, c/o Vitale Realty in the amount of $160,000.00 (the "Note"). Mot. for *In Rem* Relief, Ex. A. To secure payment on the Note, the Debtor also executed a mortgage in favor of Robert M. Vitale, c/o Vitale Realty (the "Mortgage"), in connection with the real property commonly known as 349 Valley View Road North, Thomaston, Connecticut (the "property"). Mot. for *In Rem* Relief, Ex. B. The Note was subsequently assigned to the Movant. Mot. for *In Rem* Relief, Ex. C. The Note provided that the entire unpaid principal balance was due and payable on June 16, 2016.

    *B.  Multiple Bankruptcy Filings Affecting the Property*

        *1.  The 2016 Chapter 13 case.*

On April 11, 2016, the Superior Court for the Judicial District of Litchfield entered an order of Judgment of Foreclosure by Sale regarding the property, and set a sale date for July 23, 2016. *See Vitale v. Misenti, et. al.*, Docket No. LLI-CV-156012578-S, Order No. 418028. Mot. for *In Rem* Relief, Ex. D. On June 7, 2016, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code (Case No. 16-50754, the "first bankruptcy case"). Mot. for *In Rem* Relief, Ex. E. The Debtor's Chapter 13 case was dismissed on December 12, 2016, for failure to provide documents and show feasibility. Mot. for *In Rem* Relief, Ex. F.

        *2.  The 2017 Chapter 7 case.*

On January 17, 2017, the Superior Court for the Judicial District of Litchfield entered an order opening and modifying the Judgment of Foreclosure by Sale, and set a new sale date for April 22, 2017. *See Vitale v. Misenti, et. al.*, Docket No. LLI-CV-156012578-S, Order No.

414999. Mot. for *In Rem* Relief, Ex. G. On April 21, 2017, the day before the second scheduled foreclosure sale, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code (Case No. 17-50441, the "second bankruptcy case"). Mot. for *In Rem* Relief, Ex. H. On June 14, 2017, Robert M. Vitale was granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) regarding the property. Mot. for *In Rem* Relief, Ex. I. On July 26, 2017, the Debtor received a discharge. Mot. for *In Rem* Relief, Ex. J.

### 3. The 2017 Chapter 13 case.

On August 18, 2017, the Superior Court at the Judicial District of Litchfield entered an order opening and modifying the Judgment of Foreclosure by Sale, and set a third sale date for October 28, 2017. *See Vitale v. Misenti, et. al.*, Docket No. LLI-CV-156012578-S, JNDO Notice on Order No. 435704. Mot. for *In Rem* Relief, Ex. K. On October 20, 2017, eight days before the third scheduled sale date, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code, instituting this proceeding (Case No. 17-51282, the "third bankruptcy case").

**II.    Analysis**

According to 11 U.S.C. § 362(d)(4),

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . .
> (B) multiple bankruptcy filings affecting such real property.

A successful motion to lift the stay under 11 U.S.C. § 362(d)(4) prevents the automatic stay from applying to the property for a period of two years. *See* 11 U.S.C. §362(b)(20). It "is not easy to successfully move for relief from the automatic stay under 11 U.S.C. § 362(d)(4). The language was deliberately chosen by Congress to impose a substantial burden of proof on secured

3

creditors." *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (internal quotations omitted). This remedy is available only "in extreme circumstances when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors." *Id.* A court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases." *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018).

In this case, the Movant has filed three bankruptcy petitions prior to the three scheduled foreclosure sale dates: The 2016 Chapter 13 case was filed after the judgment of foreclosure by sale was entered and a few weeks prior to the scheduled sale; the 2017 Chapter 7 was filed one day prior to the scheduled sale, and the 2017 Chapter 13 case was filed eight days prior to the scheduled sale. The timing of these filings, in addition to the fact that the first and third bankruptcy cases were dismissed due to the Debtor's failure to file required documents, demonstrate that the Debtor has engaged in a scheme to hinder, delay, and defraud the Movant by continuously forestalling the foreclosure of the property in the Connecticut Superior Court.

### III.    Conclusion

After a thorough review of (i) the record of the Debtor's bankruptcy cases; (ii) the Motion for *In Rem* Relief; (iii) the arguments advanced by the parties; and (iv) the relevant case law, it is hereby

**ORDERED**: Pursuant to 11 U.S.C. § 362(d)(4), the Motion for *In Rem* Relief is **GRANTED** with respect to the real property commonly known as 349 Valley View Road North, Thomaston, Connecticut; and it is further

**ORDERED**: If recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title

4

purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy this Order described in this subsection for indexing and recording.

**ORDERED**: On or before 4:00 p.m. on June 14, 2018, the Clerk's Office shall serve this Order upon all parties.

Dated at Bridgeport, Connecticut this 14th day of June, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

5